By the Court.* —Mullin, J.
—The oil, which is the subject-matter of the action, was delivered to the Union Transportation and Insurance Company, at Cincinnati, under a contract between it and the plaintiffs’ agent to receive said oil, and carry the same to the city of Hew York for certain hire and reward in such contract specified.
It was provided in and by said contract that the said Union Transportation and Insurance Company should not be liable for damage or loss by fire or other casualty while said property was in depots or places of transhipment.
The said oil was carried on the cars of said Union *307 Company over, the railroad between Cincinnati and Philadelphia, at which place it was delivered to the defendant to be carried to, and delivered at the city of New York. It was carried- over the defendants’. railroad to South Amboy, and there put on board a steamboat owned by the defendants, in the usual course of business, and by such vessel carried to New York, and stored in the freight house of said defendants, on Sunday evening, July 10th, and between that and the morning of the 11th of the same month, the said freight house and the said oil were destroyed by fire, without any negligence on the part of the defendants.
No notice of the arrival of said property was given to the plaintiff before the destruction thereof by said fire.
If this action was against the Union Company, it is quite clear that no recovery could be had "against it, as this property was, within the exception of the contract, destroyed while in a depot awaiting delivery to the owner. The liability of the carrier was not terminated at the time of the fire. No notice of the arrival of the property had been given ; and until that was done the responsibility of the carrier continued.
This being so, the question is whether the defendant was liable for the loss ’ of the property as carrier, wholly irrespective of the contract with the Union Company. The contract with the Union Company provided for the transportation of the oil from Cincinnati to New . York, and until the expiration of a reasonable time for its removal after notice to the owner of its arrival. The defendant is not liable on that contract. ' It was not a party to it.
Upon what principle then, is it liable ?
It is said that being a common carrier, and receiving the property as such, to be carried, the law authorizes the owner to elect to pursue it, instead of the company with which the .contract was made. . Such a proposition should rest upon the clearest principles or the highest authority. No case has been cited, nor can one be found, establishing any such proposition.
*308 The defendant received the goods from the Union Company to be carried, under its contract with the owner, and it was entitled to the benefit of all stipulations in such contract affecting its liability.
As the Union Company would not, on the facts proved, be liable for the property, neither would the defendant.
The judgment must therefore be affirmed.
Judgment affirmed.

Present, Ingraham, P. J., and Barnard and Mdllin, JJ.